[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Juliane H. Ziobron by writ, summons and complaint dated July 13, 1990, brought this action for a dissolution of her marriage to the defendant, Franklyn J. Ziobron.
After a limited contested hearing, duly held, the court by a preponderance of the credible, relevant and admissible evidence finds the facts, concludes, rules and orders as follows:
The plaintiff, whose maiden name was Juliane H. Rasmussen, and the defendant were intermarried on November 6, 1965. They have resided in this state, at least one year next preceding this complaint, continuously. There are no minor children issue to this marriage or otherwise born of the plaintiff. No government agency is providing assistance to either party.
The plaintiff and the defendant own jointly certain real estate as follows: (1) the marital home at 134 Town Street, East Haddam, Conn., valued at $175,000 but subject to a mortgage in the amount of approximately $155,000; (2) a condominium at 6525 Valen Way, Naples, Florida, valued at $140,000, free and clear of any mortgages and furnishings valued at $30,000; and; (3) a condominium at 209 South Broad Street, Meriden, Conn. valued at $90,000, but subject to a first mortgage of approximately $121,000. In addition the CT Page 4478 defendant owns a 1/4 interest in real estate, at 19 Plains Rocd, East Haddam, Conn., valued at $200,000 free and clear of any mortgages.
The defendant is employed by and owns 45% of Alpha Circuits, Inc., which, together with his 11% ownership interest in Printed Circuits Services, Inc., reveals his share of the entities to be $650,000. He also has a 1/3 interest in Sumner Brook Realty, which interest totals $116,666. The defendant's current salary is $2,550.00 per week.
The parties each indicate that they individually own certain IRA accounts and annuities. At the time of the hearing the defendant held approximately $4,290 insurance proceeds as a result of car accident, which sum he turned over to the plaintiff, towards the purchase of a car. The parties indicate credit card debts, legal fees owed and other miscellaneous debts on their affidavits.
The parties raised three children who have all attained their majority. The defendant's position in the companies in which he is a part owner, has evidently become a focus of intense stress between the parties. Thus has resulted in an alienation and a continuous source of animosity between them. The parties have arrived at the point where they can no longer communicate reasonably with each other. The court cannot ascribe fault to either party as the sole cause of the breakdown of the marriage, but finds them equally culpable. The marriage is by pleading and answer admitted beyond redemption and the court finds as a fact that the marriage has broken down irretrievably.
The plaintiff has no apparent marketable skills above the minimum level while on the other hand the defendant has averaged approximately $140,000 per year in salary for the past several years.
The court, guided by the standards set forth in Gen. Stat. Secs. 46b-81 and 46b-82 and in the exercise of its discretion rules and orders as follows:
The defendant shall quit claim to the plaintiff his interest in the condominium at 6525 Valen Way, Naples, Florida, which shall be hers, free and clear of any mortgages, together with the furnishings therein.
The plaintiff shall quit claim to the defendant her interest in the marital home at 134 Town Street, East Haddam, Conn. The defendant shall be soley liable for the first mortgage, real estate taxes, insurance and any other expenses CT Page 4479 attributable to the property. He shall hold harmless the plaintiff from any liability as to the first mortgage and all other expenses related to said property.
The plaintiff shall quit claim her interest in the condominium at 209 South Broad Street, Meriden, Conn., to the defendant who shall be soley liable for the first mortgage, taxes, insurance, condominium fees and all other expenses attributable to the property. He shall hold harmless the plaintiff from any liability as to the first mortgage and all other expenses related to said property.
The defendant shall retain his interest, as it may be found, in Alpha Circuits, Inc., Printed Circuits Services, Inc. and Sumner Brook Realty, Inc. free and clear of any claims by the plaintiff. So too, the defendant shall retain his interest in the real estate at 19 Plains Road, free and clear of any claims by the plaintiff.
The plaintiff shall have exclusive possession of the marital home at 134 Town Street, until August 1, 1992. However, the defendant will pay the first mortgage, taxes, insurance and any other expenses related to the property during and after the plaintiffs' possession. The parties shall divide among each other the furnishings and personal property located therein as their interest lie and as they can agree upon between themselves.
The court finds that although the defendants' business interest is valuable at the present time its viability is precarious. Consequently, the court discounts its value to the degree that it may balance the equities and fashion a fair and reasonable distribution.
The defendant shall pay to the plaintiff as periodic alimony the sum of $1,000 per week for a period of three years from the date of this order at which time the payments shall be reduced to $750 per week for 2 years thereafter. During such period the payments may not be modified as to amount or time. At the expiration of five years from the date of this order, the defendant shall pay to the plaintiff periodic alimony in the amount of $250 per week until such time as she may remarry or the death of either party. Such payments in the amount of $250 per week shall be subject to the provisions of Gen. Stat. Sec. 46b-86. In accordance with Gen. Stat. Sec.52-362 (b), a contingent wage execution is ordered.
The defendant is to maintain the plaintiff on his medical insurance as is available through his place of employment and at his cost and for such period of time as the law allows. CT Page 4480
The defendant shall name the plaintiff as irrevocable beneficiary on a life insurance policy in the face amount of $200,000 for a period of five years from the date of this order.
The defendant shall be soley responsible for all debts as shown on his financial affidavit and hold and save the plaintiff harmless from same. The defendant is to pay all unreimbursed medical expenses incurred during the pendency of this matter.
The plaintiff shall be entitled to the entire federal income tax refund in the approximate amount of $10,000.00. The defendant shall endorse the refund check over to her.
Each of the parties shall be the sole owners of all IRA's, annuities and other bank accounts standing in their names.
The defendant shall hold and save the plaintiff harmless for any taxes due, deficiencies, interest, penalties etc., for all joint returns regarding the businesses and personal tax returns and any debts regarding said business.
The defendant shall pay to the plaintiff the sum of $7,500 towards her counsel fees and costs.
The parties shall execute as required all documents necessary to effectuate the orders of the court.
Accordingly, having found that the marriage of the parties has broken down irretrievably, the court orders that judgment enter dissolving the marriage and incorporating its orders
SPALLONE, STATE TRIAL REFEREE